Good morning to everyone. We have four cases today, so we're going to have to watch our time restraints. And, you know, because there's competition outside, I ask everyone to speak up loud. And remember that this is not a machine that makes your voice louder. It's just a recording device. Okay. Call the first case. Case number 11-1653, People v. Michael Temple. Okay. With the lawyers who are going to argue, please approach the bench and introduce yourselves. Good morning, Your Honors. Eileen Paul, PAHL, on behalf of Michael Temple. Margaret Gallagher Lustig, on behalf of the people of the state of Illinois. Okay. And you will reserve some time for rebuttalizing. Yes, I would like to do that, Your Honor. Okay. Let's proceed. Your Honor, today I would like to focus my argument on Issue 1 in our briefs. Of course, I would be happy to entertain any questions from the Court on the other issues if you so desire. This Court should reverse Michael Temple's conviction because he was prejudiced when the state improperly used at least 12 prior consistent statements to unfairly bolster the testimony of its eyewitnesses. Despite the sheer volume of evidence presented here by the state, the evidence here was closely balanced. The state indeed tried to make mountains out of mohills. They presented extensive forensic evidence. Three witnesses about gunshot residue, yet showed no link between the car and the shooting. Three witnesses testified about the recovery of a gun. Didn't the witnesses identify the car? There was no evidence that there was any gunshot residue found inside the car. So none of the forensic evidence corroborated that. Yes. But the witnesses identified the car as the one used in the shooting. Yes. Oh. And, but the forensic, again, the forensic evidence did not corroborate that. They presented three witnesses about recovery of a gun. There was no link between that recovered gun and Michael Temple that was ever shown. There were flash messages. Witnesses testified about that, yet there was no link to the apprehension of Temple. He was arrested at 3 in the morning in his own house many miles away. Two of the eyewitnesses called to testify at trial made no identification of Michael Temple whatsoever. And with respect to the other two eyewitnesses, their testimony was inconsistent in many key aspects. They gave inconsistent accounts of how far away the car was at the time of the shooting, the speed of the car, the number of gunshots, whether the shooter had facial hair, the color of the car. And their testimony about the position of the shooter, they testified he was inside the car shooting, was inconsistent with some of the other testimony, particularly some of the cartridges located at the scene, which were grouped in one area and not consistent with the moving vehicle, and a neighbor who testified that she looked out the window and saw a shooter outside of the car. Are you telling us that the prior consistent statements is error? Yes, I am, Your Honor. Did those prior consistent statements also apply to the identification of the defendant? Those prior consistent statements, while related to the topic of identification, do not fall within the Rule 801D1B of the Illinois Rules of Evidence. Why is that? That is because that actually requires three factors. The statement must be one of identification, it must be of a person, and it must be made after perceiving the person. Doesn't that track the language of 115.12? It is quite close, Your Honor. There was a slight change. It does say after perceiving the person instead of after perceiving him. However, and wasn't 115 the codification of earlier Supreme Court precedent regarding the variety of identification testimony as not hearsay or as an exception? Well, we quoted in our reply brief from the legislative history and the debates. It appears the intent in that statute was to follow the federal Rule 801. And I will notice the legislature who presented the testimony and testified in support of the bill made reference to the problem of suggestive courtroom identifications and also spoke about lineups. And that the reason why this was an exception to hearsay was that lineups were especially valid. That's consistent with much of the legislative history and the jurisprudence under the federal rule, which have really focused on the fact that subsequent identification confrontation is the key to Rule 801. You may think that the legislative history supports that, but doesn't the case law? The case law. Doesn't the case law say that if it deals with the process of identification, then it falls within the parameters of the statute? Your Honor, as many of the comments, the case law is not consistent. As many of the cases have pointed out, there are inconsistent rulings. There are decisions that say, no, it has to be a confrontation. Some of the decisions which have gone the other way, which have been criticized by all the commentators we have cited, but not in general. So you're really telling us that we should take Shum, we should take Tisdale, and we should take Hayes, and we should say that they were wrongfully decided, that this Court should say the Supreme Court wrongfully decided those cases? Some of those cases, Your Honor, Shum did not consider 115-12 at all. And so that is not applicable. And some of those other cases, often when you read them, the parties did not raise the issue from what you can tell from the opinion. All of that is a statement of, let's say, description. Let me ask you this, just to sort of put some sense to some of the reasoning behind allowing identification testimony. If a lawyer were in court and asking a witness about an offense, wouldn't that lawyer be able to ask the witness, how did he appear the day of the shooting? Wouldn't that witness be able to say, well, he looked to me to be about 5'7", he weighed 115, he had on a pair of glasses, he had a mustache, and he was standing next to a blue Oldsmobile. Now, would that be a proper question and response at a trial? Your Honor, absolutely. And the difference between that and the evidence in this case is the idea of the prior consistent. That would be appropriate. There's no problem with asking the witness, what happened, tell us what you observed. But at the same time, that witness is describing something about how someone looked on another day out of court. That's true, Your Honor, but the State cannot ask the witness, and didn't you tell the same story 20 different times before? That is the pernicious point. But that's a different question. What you've just asked now is a general rule against saying, didn't you tell so-and-so this same version of events 20 times? That's not the same thing as asking someone, did you identify him in the lineup? And when the witness says, yes, I did, that's long-time precedent support. Yes, Your Honor, and we have not challenged the lineup identification in this case or the identification of Temple in a photo array. We recognize that those situations fall squarely within 801 and that those, as you say, have long time been considered to correct that problem of unduly suggestive in-courtroom identification. They are a similar event that happened before trial at a closer time. The law has always permitted those. The problem in this case is the State allowed to put in 12 times that the witnesses told the same story outside of court to other people without that key factor of having that made after perceiving the person. That is what makes a photo ID and a lineup, a show-up, different than a prior consistent statement. Those lineup show-ups are based on a recognition of seeing the image and saying, yes, that's the one. The problem with the prior consistent statements, they are just mere repetitions of your memory of an event. And again, you can put one on on the witness stand. It's the problem is when you bolster by putting on all of these prior times that the witness kept repeating the same story, and the story doesn't have the reliability of seeing the image and saying, yes, that's the image I recognize or not. Well, even though the Supreme Court has long ago held that the process or statements of identification include the entire identification process, 115 and the Federal Rule of Evidence, you know, could be read to even expand that. They basically say the statements are not rendered inadmissible by hearsay. We have a declarant testifying at a hearing or trial. We have a declarant who is subject to cross concerning statement. And the case law has already told us that a statement of identification of a person made after perceiving him is traditionally allowable as an exception. So where are we missing something here? The question here is really whether that identification of a person made after perceiving the person, whether that includes just mere statements of description that were made without that subsequent confrontation opportunity of seeing the person again. If that, if you read that rule. But isn't that what the rule is designed to foster? Because it's allowing cross examination. It's allowing cross examination. They have to be subject to cross in court. And that's what we have here. We have witnesses who are subject to cross. Each and every one of them that testified was there and was present and was examined. Well, Your Honor, if that were the case, the rule could end after the word identification of a person, period. Instead, it goes on and has an additional clause, an additional limitation. It says that has to be made after perceiving the person. Okay. That would be meaningless. What does that mean? That means the identification confrontation. You see the image and you say that's either it or it isn't. A standard as a lineup would be the classic example. What case do you have that says after perceiving him means what you're saying? We've cited many cases from other jurisdictions. I also would point to. Let's talk about a case from this jurisdiction. In Tisdale, the Supreme Court, which obviously we have to listen to, the Supreme Court said that we find that the Hayes Court erred in limiting statements of identification to a witness's actual identification of a defendant. This interpretation mistakenly focuses on the result rather than the process. Doesn't that pretty much answer the question? Well, the process here is the opportunity to perceive. That is in the rule. It has to say after perceiving. Didn't they say it's a mistake to limit it to the actual identification of the defendant? You're saying that this should be limited to the actual confrontation, the actual lineup identification or show up identification. And statements in connection with that. Well, doesn't this say that that's too limiting? And this is the Supreme Court of Illinois. Your Honor, Rule 801, you are not bound. It is a new rule. We have adopted rules here. Committee comments to the new rules of evidence say that they are a codification. Yes. They are not new. And to say that the statute and the rule were designed to completely throw out the prohibition on prior consistent statements, which is what that would do, is inconsistent with the language of the rule because it does not consider what that clause means, the made after perceiving the person. That is a clear limitation. Think about it. Every one of these statements was made after the witness or the third party who's testifying about a witness's identification. They were all made after the witness perceived that person, perceived him. I don't know where, I'm not sure I understand what case you're relying on. But it means that it happened after they saw him commit the acts. They perceived him after. You know, you're past your time. Why don't you save some time for rebuttal? All right. Thank you, Your Honor. Sure. Okay. May it please the Court. In this case, four young people were walking their dog down the street. The defendant pulled up in his car, put his arm out of the window holding a handgun and fired shots at them. Ulysses Patino died from his gunshot wounds. Israel Negrete was shot three times. Jesus Patino, one of the victims, immediately recognized the defendant, the shooter. A person he had gone to school with. He knew defendant by his name and his nickname, Michael Temple. You know, we're pretty familiar with the facts. The main argument that counsel has focused on here is whether or not these statements of identification are admissible. Now, is there an authority or do you wish to comment on the issue of whether there's a certain point where you can't do this anymore, that there's too much or what? I would submit the testimony in the Ensign case falls squarely within the statutory exception of Section 115.12. Just like the testimony in People v. Emerson. In Emerson, a police officer testified that the witness identified the defendant and his brother at the scene of the crime. And also described the building that they lived in. The officer testified regarding the witness's identification and the building in which the Illinois Supreme Court held that as a general rule, a witness may not testify concerning out-of-court statements. However, when the statement is one of identification, prior statements are admissible as substantive evidence when testified to by an eyewitness or a police officer who was present when the identification was made. The victim in Emerson, just like Jesus in the Ensign case, identified the defendant by name at the scene of the crime. Certainly after perceiving him. Also, the victim in Emerson described the building where the defendant and his brother lived. Similarly, Jesus and Alejandra described the defendant's car. Subsequently, Jesus and Alejandra were taken to the scene of the car that had been located by Officer Colucci, and they identified that car as the one used in the shooting. That car was found a short distance from where the shooting had occurred, and both positively identified that car. The car was registered to defendant's mother, and defendant's DNA was found inside the car. I would submit that the case of Pico v. Emerson is controlling in this case. In both cases, the witness identified the defendant by name and described, as Justice McBride was saying, the car that he was riding in when he committed the crime. What about this suggestion that it has to be, do you understand what counsel is arguing about after perceiving him, what her position is? Or what is your response? My response is that is not what it means. Pico v. Emerson is a clear example of why that isn't what it means. In that case, there was no police confrontation, which is what she was talking about. In this case, we did have a police confrontation. Jesus was shown a picture of Michael Temple, the defendant, within hours of the crime, and positively identified him. We also have Alejandra going and identifying him in the lineup. But my point is that in Emerson, it wasn't a formal confrontation in the police station. It was the officer arriving at the scene and the witness telling him, after perceiving the defendant, by name, who the defendant was. And we have a very similar situation in this case. Yes, the defendant was named by one of the victims in this case, or witnesses, rather. Correct. And Michael Temple, immediately. Yes. And he recognized him from school. So, I mean, he identified him by name. Certainly, I believe the officers under Rule 801 or under Section 115.12, it was squarely within the statutory exception and should have been, it was properly admitted at trial. I mean, even if the Court admitted that testimony in error, would it rise to the level of plain error? If they had admitted, I'm sorry, Justice, if they had admitted about what? I'm saying if the Court erred in admitting that testimony, would it rise to the level of plain error? I would say it did not. And I don't believe it was any error at all to admit that properly admitted testimony. And the defendant never objected at trial to the testimony coming in, nor was this issue raised in his motion for a new trial. So we would submit that that was a forfeited issue. Thank you. How would you respond to Professor Graham's apparent position that these cases are all wrongly decided, that Williams is wrongly decided, and I guess, therefore, Newbill was wrongly decided, because there wasn't, as counsel has suggested, a subsequent point in time prior to trial where there was an observation of the person being identified. Graham, from clearing Graham's handbook, seems to take that position. Well, Justice Steigman, he was the author of the Appellate Court case in People v. Lewis, which the defendant cited. And in that case, a police officer acting undercover was selling cocaine to a person named Clem, and then Clem was arrested, and the undercover officer asked her who her supplier was, and she stated Rael. The prosecutor asked the undercover officer on the witness stand how Clem reacted. Oh, then when she was arrested, he showed her the photograph, and she said, yes, that's Rael. The undercover officer testified at trial, and the Illinois Supreme Court, affirming the judgment of the Appellate Court, of which Justice Steigman was the author, held that the trial court did not err in admitting the undercover officer's testimony of Clem's out-of-court identification. So I would submit that this has been a longstanding precedent and that we now have Emerson and Lewis was a 2006 Illinois Supreme Court case where these out-of-court identifications that were not necessarily formal identifications in a police station, that they held that those were squarely within Section 115-12. For these reasons and the reasons stated in our brief, we ask that you affirm the defendant's conviction and sentences. Thank you. Very short rebuttal. Justice McBride asked whether it could be too much, and Justice Gordon, you asked whether this was plain error, and the answer to both is yes. This was 12 prior consistent statements. Most of them had nothing to do with identification of person. Five of them were about a car. They had nothing to do with the person. I don't know how that can possibly fall within 801. It was too much. It tipped the balance in this case, undermined confidence. The attorney here failed to recognize the problem, made no objection. You really have a weak case. But for this bolstering, which has no connection to that special reliability of a confrontation experience, that is the reason why Michael Temple was convicted. But for that, there is a reasonable probability that the answer in this case could have come out the other way, and that is why we ask this Court to reverse and remand his conviction. If Your Honors have no further questions. Thank you very much. We'll take this case under advisement, and we're going to take a brief recess at this time. Thank you.